NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JARRETT CARSON; JOSEPH
LAWENDOWSKI; JOHN DOE,

Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF
THE ARMY; CHRISTINE WORMUTH,
Secretary of the Army,

Defendants-Appellees.

No.   21-35938

D.C. Nos.   3:15-cv-00071-JMK
3:15-cv-00072-JMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Argued and Submitted June 7, 2022
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Jarrett Carson, Joseph Lawendowski, and John Doe (Plaintiffs-Appellants)

appeal from a summary judgment in favor of the United States Department of the

Army in this Privacy Act case. *See* 5 U.S.C. § 522a. We have jurisdiction under 28

U.S.C. § 1291. We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  The district court's initial partial summary judgment decision did not constitute law of the case. Assuming without deciding that the decision conflicted with the district court's final summary judgment decision, law of the case "does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dept. of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). "[A] district court has the inherent power to revisit its non-final orders, and that power is not lost when the case is assigned mid-stream to a second judge." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787–88 (9th Cir. 2011).

2.  The district court did not err in holding that the Army could lawfully maintain an Anchorage Police Department (APD) report in Doe's records. 5 U.S.C. § 522a(g)(1). The report was relevant to disciplinary proceedings, and the Army had no obligation to expunge the report after those proceedings. *Garris v. FBI*, 937 F.3d 1284, 1300 (9th Cir. 2019). Doe cannot use the Privacy Act as a vehicle for a collateral attack on an underlying employment decision. *Houlihan v. Office of Personnel Mgmt.*, 909 F.2d 383, 385 (9th Cir. 1990).

3.  Carson and Lawendowski did not raise a genuine issue of material fact as to whether an Army employee's disclosure of unredacted records to Lawendowski proximately caused the disclosure of those records to the media. The record provides no basis for attributing the media disclosure to an intentional or willful violation of the Privacy Act by the Army. *See* 5 U.S.C. § 522a(g)(4).

4. The district court correctly determined that none of the other alleged disclosures was actionable. There is no evidence in the record, beyond speculation, that any disclosure to the Governor of Alaska occurred. The disclosure of records to the APD was permissible under the Privacy Act because it was part of a law enforcement investigation. *See* 5 U.S.C. § 552a(b)(7). The records disclosed to Doe's counsel were properly redacted.

5. Plaintiffs-Appellants did not raise a genuine issue of material fact with respect to the Privacy Act's actual damages requirement. *See Doe v. Chao*, 540 U.S. 614, 627 (2004). As the district court concluded, Plaintiffs-Appellants cannot prove that the Army's alleged Privacy Act violations proximately caused their discharges from the Army and resulting losses of salary and benefits. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Plaintiffs-Appellants offer only speculation and their own uncorroborated testimony to support their other damages theories.

**AFFIRMED.**